UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

```
UNITED STATES OF AMERICA      *      14-CR-151
                              *
versus                        *      Section R
                              *
ORONDE GABRIEL                *      November 18, 2015
                              *
* * * * * * * * * * * * * * * *
```

SENTENCING BEFORE
THE HONORABLE SARAH S. VANCE
UNITED STATES DISTRICT JUDGE

<u>Appearances</u>:

| | |
|---|---|
| For the United States: | U.S. Attorney's Office<br>BY:  EDWARD J. RIVERA, ESQ.<br>650 Poydras Street, Suite 1600<br>New Orleans, Louisiana 70130 |
| For Gabriel Oronde: | Law Office of John H. Musser IV<br>BY:  JOHN H. MUSSER IV, ESQ.<br>70439 Courtano Drive<br>Covington, Louisiana 70433 |
| Official Court Reporter: | Toni Doyle Tusa, CCR, FCRR<br>500 Poydras Street, B-275<br>New Orleans, Louisiana 70130<br>(504) 589-7778 |

Proceedings recorded by mechanical stenography using computer-aided transcription software.

## PROCEEDINGS

(November 18, 2015)

**THE DEPUTY CLERK:** Criminal 14-151, *U.S.A. v. Oronde Gabriel.*

Mr. Gabriel, please step up to the podium.

Counsel, please make your appearances for the record.

**MR. RIVERA:** Good morning, Your Honor. Ed Rivera on behalf of the United States.

**THE COURT:** Good morning.

**MR. MUSSER:** John H. Musser IV representing Mr. Gabriel, who is present in court, Your Honor, and ready for sentencing.

**THE COURT:** I'm sure you are ready since you were ready a half an hour ago.

**MR. MUSSER:** That's all right.

**THE COURT:** This matter is before the Court for sentencing. Is there any reason that sentence cannot be imposed at this time?

**MR. RIVERA:** No, Your Honor.

**MR. MUSSER:** No, Your Honor.

**THE COURT:** I think the government wanted to move for an additional one point for acceptance. Have you done that?

**MR. RIVERA:** I haven't filed it yet, Your Honor, but I will immediately after this hearing, or I can orally move for

1   it.
2           **THE COURT:**  Well, you need to do it now if you want
3   me to give him three points.
4           **MR. MUSSER:**  Could he do it orally?
5           **THE COURT:**  Yes, he can do it orally.
6           **MR. RIVERA:**  I apologize, Your Honor.  I thought it
7   had been done prior to the hearing, but we will certainly move
8   for it orally.  I can follow up with a written motion.
9           **THE COURT:**  You don't need to do that.  As long as
10  you move orally, that's fine.  The motion is granted.
11              Mr. Gabriel, have you received a copy of the
12  presentence investigation report?
13          **THE DEFENDANT:**  Yes, ma'am.
14          **THE COURT:**  Have you read it and gone over it with
15  your lawyer?
16          **THE DEFENDANT:**  Yes, ma'am.
17          **THE COURT:**  I understand that neither the government
18  nor the defendant has any objections to the report.  Is that
19  correct?
20          **MR. RIVERA:**  That's correct, Your Honor.
21          **MR. MUSSER:**  No, Your Honor.
22          **THE COURT:**  Then is it appropriate for me to state
23  there are no errors, corrections, alterations, additions, or
24  objections that either side wishes to make to the report?
25          **MR. MUSSER:**  That is correct, Your Honor.

1        **MR. RIVERA:**  That's correct, Your Honor.

2        **THE COURT:**  Since there are no objections to the
3   facts stated in the presentence investigation report, I adopt
4   those statements as my findings of fact, and I order the report
5   filed in the record under seal except for the sentencing
6   recommendation.

7           Mr. Gabriel, you have been found guilty of one
8   count of conspiring to make false and fictitious
9   representations to a firearms dealer, in violation of
10  18 U.S.C. § 371.  I have consulted the advisory guidelines and
11  determined that your advisory sentencing range is as follows:

12          You have a total offense level of 17, Criminal
13  History Category IV, which indicates a guideline range of 46 to
14  57 months, a fine range of $5,000 to $50,000, and a $100
15  special assessment.

16          There was a Rule 11(c)(1)(A) plea agreement in
17  this case in which the defendant agreed to plead guilty to
18  Count 1 and the government agreed to dismiss Count 3.  The
19  government also agreed not to file any additional charges
20  arising out of the conduct outlined in the indictment or the
21  factual basis and then agreed to recommended a three-level
22  reduction for acceptance of responsibility.  The Court accepts
23  the plea agreement because it adequately reflects the
24  seriousness of the offense, avoids the uncertainty of trial,
25  and does not undermine the statutory purposes of sentencing.

1              Mr. Gabriel, is there anything you want to say
2  before I impose sentence on you?
3              **THE DEFENDANT:**  I just would like to apologize to my
4  family and to the Court for making the decision that I -- going
5  through this, I know I have changed, and you won't have no
6  other problem from me once this is over.
7              **THE COURT:**  Mr. Musser, is there anything you want to
8  say?
9              **MR. MUSSER:**  Yes, Your Honor.  I think in view of the
10 fact that there's no indication that the purchase of this gun
11 was tied into any other crime, anticipated crime, I would
12 suggest that it would be appropriate to sentence Mr. Gabriel to
13 the bottom of the guidelines and urge the Court to do so.  I
14 think he is a good candidate for rehabilitation.
15              I would also ask the Court to please request the
16 Bureau of Prisons to imprison him at a location that provides
17 treatment for addiction, for his marijuana and alcohol
18 addiction.  I believe that's also noted in the presentence
19 investigation report.
20             **THE COURT:**  Mr. Rivera, is there anything you want to
21 say?
22             **MR. RIVERA:**  We have nothing more to add at this
23 time, Your Honor.
24             **THE COURT:**  The Court has considered the advisory
25 guidelines and all the factors in § 3553(a) and finds it

1  appropriate to give a sentence within the guideline range.  It
2  is the judgment of the Court that the defendant, Oronde
3  Gabriel, is hereby committed to the custody of the Bureau of
4  Prisons for a term of 50 months.  The Court imposes this
5  sentence because of the seriousness of the offense, the
6  defendant's history and characteristics, the need for
7  deterrence, to promote respect for the law, and the need to
8  provide just punishment.
9            The Court recommends that the defendant be
10 incarcerated in an institution that provides vocational
11 training as well as treatment for alcohol and marijuana
12 addiction.
13           The Court finds that the defendant does not have
14 the ability to pay a fine and a fine is not imposed, but he
15 must pay the special assessment fee of $100, which is due
16 immediately.
17           Upon your release from imprisonment, you shall
18 be placed on supervised release for a term of three years.
19 Within 72 hours of your release from the custody of the Bureau
20 of Prisons, you shall report in person to the probation office
21 where you are released.
22           While you are on supervised release you shall
23 not commit any federal, state, or local crime.  You shall not
24 possess a firearm, ammunition, destructive device, or any other
25 dangerous weapon.  You shall not possess a controlled

1   substance, and you shall cooperate in the collection of a DNA
2   sample.
3               You are also to comply with the standard
4   conditions of supervised release, as well as the following
5   special conditions:
6               You shall maintain full-time employment.  You
7   shall undergo random urinalysis.  You shall participate in an
8   approved cognitive behavioral therapeutic program and shall
9   abide by all supplemental conditions of treatment.  You will
10  contribute to the cost of this program to the extent the
11  probation office determines that you are able.
12              Is there property to be forfeited?
13          **MR. RIVERA:**  No, I don't think so, Your Honor.
14          **THE COURT:**  Mr. Gabriel, in your plea agreement you
15  waived all rights to challenge your conviction to your sentence
16  except you have the right to bring a challenge based on
17  ineffective assistance of counsel in an appropriate proceeding,
18  and you can bring a direct appeal of any sentence that's above
19  the statutory maximum.  The sentence I imposed is below the
20  statutory maximum, so you don't have a right to directly appeal
21  your sentence or conviction unless you can show ineffective
22  assistance of counsel.  Do you understand that?
23          **THE DEFENDANT:**  Yes, ma'am.
24          **THE COURT:**  Is there anything further?
25          **MR. MUSSER:**  No, Your Honor.

1   **MR. RIVERA:**  Your Honor, the government moves to
2   dismiss Count 3, as per the agreement, at this time.
3   **THE COURT:**  The motion is granted.
4   **MR. MUSSER:**  Thank you very much.
5   **THE COURT:**  Thank you.
6   **MR. RIVERA:**  Thank you, Your Honor.
7   **THE DEPUTY CLERK:**  All rise, please.
8                                 * * *
9                             **CERTIFICATE**
10          I, Toni Doyle Tusa, CCR, FCRR, Official Court
11  Reporter for the United States District Court, Eastern District
12  of Louisiana, certify that the foregoing is a true and correct
13  transcript, to the best of my ability and understanding, from
14  the record of proceedings in the above-entitled matter.

17                            *s/ Toni Doyle Tusa*
                              Toni Doyle Tusa, CCR, FCRR
18                            Official Court Reporter