UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA                    CIVIL ACTION

VERSUS                                                      NO. 14-151

ORONDE GABRIEL                                   SECTION "R"


## ORDER AND REASONS

Before the Court is Gabriel's unopposed motion to reconsider his sentence.[1]   In it, Gabriel asks the Court to modify its judgment and to sentence him to "time served"[2] rather than seven month's imprisonment for violations of his supervised release.[3]

Defendant does not cite any case law or statutory authority for the relief he seeks.  He does not, for example, explain how his proposed course of action would comply with 18 U.S.C. § 3583 (g), which mandates revocation and a "term of imprisonment" when a defendant refuses to comply with drug testing, or tests positive for illegal controlled substances more than three

---

[1]     *See* R. Doc. 164.
[2]     Gabriel's reference to "time served" is unclear.  If by time served Gabriel refers to his 50-month term of imprisonment, Gabriel does not explain how this course of action would comply with 18 U.S.C. § 3583(g).
[3]     *See id.* at 6.

times over the course of one year.  *See id.*  Gabriel stipulated to violations that fall into both of these categories.

Instead, Gabriel represents that he believed—based on private conversations that are not in the record—that U.S. Probation would recommend a sentence that did not include imprisonment,[4] and that the Government would not oppose that course of action.[5]  At the hearing, the Court gave both Gabriel and the Government the opportunity to speak. Neither Gabriel, the Government, nor U.S. Probation, informed the Court of any private understanding they reached ahead of time.  Even if the Court were informed of such an understanding, Gabriel provides no legal basis to show that such an understanding would be binding on the Court.  Further, Gabriel does not even contend that the Court improperly calculated the relevant revocation guideline range which was 7 to 13 months' imprisonment.

Moreover, the Court considered the policy statements in chapter seven of the United States Sentencing Guidelines and the relevant factors set forth in 18 U.S.C. § 3553 (a) before it imposed Gabriel's sentence, which was at the

---

[4]      *See id.*
[5]      *See id.*

bottom of the Guideline range despite Gabriel's extensive criminal history and repeated supervised release violations.

Gabriel  points to his health conditions as a reason this Court should reconsider its sentence.[6]  Gabriel did not raise his physical health orally at the hearing before the Court imposed its sentence.  Nevertheless, the Court considered Gabriel medical and mental health conditions to the extent they were reflected in the PSR and forensic medical health report submitted by the defendant.  Gabriel does not explain why BOP facilities are insufficient to meet his medical needs.

Accordingly, the Court DENIES the motion.

New Orleans, Louisiana, this __30th__ day of October, 2020.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE

---

[6]     *See id.* at 4.